Denis Edward DEHNE, Plaintiff—Appellant,

v.

Jeff GRIFFIN; City of Reno, Defendants—Appellees.

No. 03–15175.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 2003.

Decided Sept. 8, 2003.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Jeffrey A. Dickerson, Esq., Martin G. Crowley, Esq., Reno, NV, for Plaintiff–Appellant.

Creighton C. Skau, Esq., Reno City Attorney's Office, Reno, NV, for Defendants–Appellees.

Before: REINHARDT and GRABER, Circuit Judges, and RHOADES, District Judge.*

### MEMORANDUM **

Denis E. "Sam" Dehne attended a Reno City Council meeting chaired by then-Reno Mayor Jeff Griffin. Dehne sought to speak but was instead ejected from the meeting. Dehne sued Griffin and the City, claiming that he was ejected because they did not want those present to hear what he planned to say. Griffin and the City assert that he was ejected because his behavior was disruptive. The district court granted summary judgment in favor of the defendants. We reverse.

"[L]imitations on speech at [public] meetings must be reasonable and viewpoint neutral, but that is all they need be." *Kindt v. Santa Monica Rent Control Bd.*, 67 F.3d 266, 270 (9th Cir.1995). Dehne asserts that Griffin ejected him from the meeting in order to prevent him from exposing Griffin's ethical violation to those present at the meeting. If Griffin did eject Dehne for that reason, then the ejection was viewpoint discrimination and was plainly impermissible. Griffin asserts, however, that Dehne was ejected for no other reason than that he was disrupting the meeting. If Griffin is correct, then there was no viewpoint discrimination, and the ejection was permissible under *Kindt.*

Reasonable people could differ as to which view of the facts is best supported by the video tape of the meeting and the other evidence put forward by the parties. For example, while Griffin asserts that the council never decided whether to permit Dehne to speak, a reasonable jury might find that, although no vote was taken, Dehne's request to speak was effectively denied when Council Member Aiazzi joined Griffin in opposing the request and the discussion returned to the substantive issue before the Council. A jury might also infer that the City Attorney whispered Dehne's message to Griffin, and that Griffin, realizing that Dehne was about to reveal his conflict of interest to the entire

---

* The Honorable John S. Rhoades, District Judge, Southern District of California, sitting by designation.

council and the others in attendance, expelled Dehne for that reason. Under *Kindt,* Dehne's behavior in confronting Griffin was sufficiently disruptive to justify his ejection from the meeting, but only if Griffin was treating Dehne in the same manner as he would have treated other members of the public. Because a reasonable jury could find that Griffin ejected Dehne in order to prevent Dehne from expressing views hostile to Griffin, the grant of summary judgment was erroneous.

Although Griffin moved for summary judgment on other bases as well, the district court did not reach these alternative bases, and the parties did not brief them. We therefore do not consider them here.

**REVERSED and REMANDED.**