**Denis Edward DEHNE, Plaintiff— Appellant,**

v.

**CITY OF RENO; Jeff Griffin, Defendants—Appellees.**

No. 04–17200.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 2007.

Filed Feb. 20, 2007.

Creighton C. Skau, Esq., Reno City Attorney's Office, Reno, NV, for Defendants–Appellees.

Before: HUG and W. FLETCHER, Circuit Judges, and HOLLAND,* District Judge.

## MEMORANDUM **

Denis "Sam" Dehne appeals an order of final judgment entered on September 30, 2004, in favor of Jeff Griffin and the City of Reno. Specifically, Dehne challenges the district court's grant of qualified immunity in favor of Griffin, the former Mayor of Reno. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Dehne attended a public meeting of the Reno City Council on June 22, 1999. During the meeting, Dehne became disruptive after members of the city council discussed his request to speak on an agenda item.

As a result, then-Mayor Griffin ejected him from the meeting. Dehne subsequently filed this lawsuit, in which he alleges a violation of his First Amendment rights pursuant to 42 U.S.C. § 1983. The district court initially granted summary judgment in favor of Griffin and the City, but in a prior appeal another panel of this court reversed the district court's summary judgment decision and remanded for trial. *See Dehne v. Griffin,* 74 Fed.Appx. 801, 802–03 (9th Cir.2003). The district court held a jury trial on September 28 and 29, 2004, and, at the close of evidence, granted Griffin's motion, pursuant to Federal Rule of Civil Procedure 50, for judgment as a matter of law on qualified immunity. The jury was then left to consider the liability of both the City and Griffin in his official capacity. After deliberating, the jury returned verdicts in favor of Griffin and the City. In this appeal, Dehne objects to the district court's grant of qualified immunity to Griffin.[1]

Public officials are entitled to qualified immunity for acts that do not violate clearly established constitutional rights of which a reasonable person would have known. *Saucier v. Katz,* 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Harlow v. Fitzgerald,* 457 U.S. 800, 818–19, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). If an official "could have believed, 'reasonably but mistakenly ... that his or her conduct did not violate a clearly established constitutional right,'" then qualified immunity applies. *Skoog v. County of Clackamas,* 469 F.3d 1221, 1229 (9th Cir. 2006) (quoting *Jackson v. City of Bremer-*

---

\* The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. A grant of a motion for judgment as a matter of law is reviewed de novo. *M2 Software, Inc. v. Madacy Entm't Corp.,* 421 F.3d 1073, 1086 (9th Cir.2005). A district court's decision on qualified immunity is also reviewed de novo. *Beier v. City of Lewiston,* 354 F.3d 1058, 1064 (9th Cir.2004).

*ton,* 268 F.3d 646, 651 (9th Cir.2001)). In the context of this case, removing an individual from a public meeting does not violate the Constitution provided that the individual is sufficiently disruptive and is not removed because of his or her views. *See White v. City of Norwalk,* 900 F.2d 1421, 1425–26 (9th Cir.1990); *Kindt v. Santa Monica Rent Control Bd.,* 67 F.3d 266, 271–72 (9th Cir.1995).

Dehne's argument regarding the district court's grant of qualified immunity is moot because the jury found that no constitutional violation occurred. Although the district court granted qualified immunity to Griffin in his individual capacity, Griffin remained a defendant in his official capacity. The jury was given the responsibility of determining Griffin's intent in ejecting Dehne from the meeting, and the jury found in favor of Griffin. In doing so, the jury must have found that Dehne failed to prove that Griffin ejected him from the meeting to silence him. The issue of qualified immunity does not arise where there was no violation of a statutory or constitutional right. *See Harlow,* 457 U.S. at 818, 102 S.Ct. 2727. Because no constitutional violation occurred, the district court's grant of qualified immunity is no longer a live issue. *See Sloman v. Tadlock,* 21 F.3d 1462, 1468 (9th Cir.1994).

**AFFIRMED.**